**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID BEAN, | No. 20-17078 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01345-DWL-DMF |
| v. | |
| ARIZONA COMMUNITY PROTECTION AND TREATMENT CENTER, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| SHANDA PAYNE, Administrative Director; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted June 21, 2021[**]

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona civil detainee David Bean appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Bean's action because Bean failed to allege facts sufficient to state a plausible procedural due process claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (internal quotation marks omitted)); *cf. Sandin v. Conner*, 515 U.S. 472, 483 (1995) (a prisoner has no federal or state protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also* Ariz. Rev. Stat. §§ 36-3709, 36-3714 (a civil detainee who petitions the court for discharge or conditional release to a less restrictive setting is entitled to a hearing).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**